UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Jeffrey Heleen


    v.                                    Civil No. 06-cv-24-SM

Radiation Safety
& Control Services, Inc.


**REPORT AND RECOMMENDATION**


    Jeffrey Heleen moves for a preliminary injunction against Radiation Safety & Control Services, Inc. ("RSCS") seeking an order directing RSCS to pay him $30,078.13 in wages plus 8% interest from July 2005 through the present. RSCS objects. The Court held an evidentiary hearing on the motion on June 13, 2006. For the reasons set forth below, I recommend that the motion be denied. I further recommend that RSCS' pending motion to enforce settlement be granted.

Motion for Preliminary Injunction

    A court may grant a plaintiff's request for a preliminary injunction if the plaintiff satisfies a four-part test: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff will suffer irreparable harm if the injunction is not granted;

(3) the injury to the plaintiff outweighs any harm that granting the injunction would inflict on the defendant; and (4) the public interest will not be adversely affected by the granting of the injunction.  See Wine & Spirits Retailers, Inc. v. Rhode Island, 418 F.3d 36, 46 (1st Cir. 2005).  "The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity."  New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002).  Still, to obtain injunctive relief a party must independently satisfy each of the four factors.  See Auburn News Co. v. Providence Journal Co., 659 F.2d 273, 277 (1st Cir. 1981).

    Heleen grounds his claim against RSCS on RSCS' alleged improper disregard for his Form W-4 (Employee's Withholding Allowance Certificate) on which Heleen indicated that he was exempt from paying taxes.  The evidence at the hearing showed that, in a letter dated June 7, 2005, the Internal Revenue Service ("IRS") directed RSCS to disregard the information on Heleen's Form W-4, and to withhold taxes from Heleen's earnings as if he claimed a single filing status with zero allowances.

See Df.'s Ex. B.  The IRS further directed RSCS not to honor a new Form W-4 from Heleen if he submitted one.  See id.  The IRS has the authority to direct an employer to disregard an employee's Form W-4 when it has reason to believe that the statements made on the form are materially incorrect[1] under 26 C.F.R. § 31.3402(f)(2)-1(g)(5).  Scott v. Miller, No. IP 97-0079-C-M/S, 1997 WL 881207 (S.D. Ind. Sept. 3, 1997); Pascoe v. IRS, 580 F. Supp. 649, 651 (E.D. Mich. 1984); see also Stonecipher v. Bray, 653 F.2d 398 (9th Cir. 1981) (recognizing the IRS' right to require employers to disregard an employee's Form W-4), cert. denied, 454 U.S. 1145 (1982).

Heleen argues that he has a valid claim against RSCS under 26 U.S.C. § 3402(n) for withholding federal taxes from his wages contrary to the certification in Heleen's Form W-4.  He does not.

Section 3402(n) provides in pertinent part:

---

[1] Despite Heleen's apparent belief to the contrary, courts have repeatedly rejected claims that wages are not taxable income, and that payment of federal taxes is voluntary.  See United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993) (finding that wages are subject to taxation and that appellants' claim that the payment of income taxes is voluntary "clearly lacks substance"); United States v. Sloan, 939 F.2d 499, 500 (7th Cir. 1991) (the federal income tax is not voluntary and must be paid by all individuals on their wages); Perkins v. Comm'r, 746 F.2d 1187, 1188 (6th Cir. 1984) (wages are taxable income within the meaning of 26 U.S.C. § 61(a)).

> Notwithstanding any other provision of this section, an employer shall not be required to deduct and withhold any tax under this chapter upon a payment of wages to an employee if there is in effect with respect to such payment a withholding exemption certificate . . . furnished to the employer by the employee certifying that the employee --
>
> (1) incurred no liability for income tax imposed under subtitle A for his preceding taxable year, and
>
> (2) anticipates that he will incur no liability for the income tax imposed under subtitle A for his current taxable year.

26 U.S.C. § 3402(n).  Section 3402(n) confers upon an employer "a right to respect the claim of exemption by one of its employees without subjecting itself to liability or official compulsion to do otherwise."  Pascoe, 580 F. Supp. at 653.  But the statute does not prohibit an employer from voluntarily complying with a letter from the IRS issued under 26 C.F.R. § 31.3402(f)(2)-1(g)(5)(i)-(vii) directing the employer to withhold taxes.  Id.  Moreover, the statute does not address the legal rights of an employee as against his employer.  Id.  Therefore, Heleen's reliance on 26 U.S.C. § 3402(n) is misplaced.  To the extent that Heleen contends that the IRS' letter to RSCS is misleading and fraudulent, I find his argument to be without merit.  See generally Pesci v. IRS, 67 F. Supp. 2d 1189, 1192 n.3 (D. Nev. 1999) (rejecting the plaintiff's claims that letters from the IRS

4

were invalid because the IRS had no authority to issue them and because the letters did not have the required OMB number).

Heleen admitted during the hearing that he received a letter from the IRS explaining the instructions that the IRS gave to RSCS.  See Df.'s Ex. E.  Heleen further admitted that he never contacted the IRS directly to appeal its determination of his tax status despite receiving notification from the IRS and from RSCS of his right to do so.  Although Heleen asserted during the hearing that he has no dispute with the IRS, courts "will not impute to Congress the purpose of undermining the elaborate procedure for withholding of taxes established by § 3402 by permitting the taxpayer to avoid withholding with a mere unsupported, undocumented claim of exemption that is not subject to administrative review."  Pascoe, 580 F. Supp. at 653.

In the absence of a valid exemption, RSCS was required to deduct and withhold taxes from Heleen's earnings.  See Lubetzky v. United States, 393 F.3d 76, 78 (1st Cir. 2004) ("Employers are required to deduct from employee wages -- and turn over to the Internal Revenue Service -- social security, Medicare and federal income taxes."); Bright v. Bechtel Petroleum, Inc., 780 F.2d 766, 770 (9th Cir. 1986) ("Under 26 U.S.C. § 3402, an employer has a

mandatory duty to withhold federal income tax from an employee's wages where required by applicable regulations."). Heleen failed to demonstrate that he is likely to succeed on the merits of his claim against RSCS because he has not demonstrated that RSCS' compliance with the IRS' directions violated his rights. And, in fact, Heleen does not possess any right against RSCS under these circumstances. See 26 U.S.C. § 3403 (providing that employers shall not be liable to any person for the amount of federal tax withheld); Bright, 780 F.2d at 770 (suits by employees against their employers for federal taxes withheld are statutorily barred); Edgar v. Inland Steel Co., 744 F.2d 1276, 1278 (7th Cir. 1984) (employees have no cause of action against employers to recover wages withheld and paid over to the government in satisfaction of federal income tax liability).

Since Heleen failed to demonstrate a likelihood of success on the merits, the court need not address the remaining preliminary injunction factors. See New Comm Wireless Servs, 287 F.3d at 9. It is particularly noteworthy in this case, however, that Heleen fails to satisfy a single element required for the grant of a preliminary injunction.

Heleen made no attempt to demonstrate at the hearing that he

will suffer irreparable harm if his request for injunctive relief is denied. And indeed, any such claim should be rejected. "Irreparable injury is that injury for which money damages are not adequate compensation." Sierra Club v. Larson, 769 F. Supp. 420, 422 (D. Mass. 1991) (citing Auburn News, 659 F.2d at 277); see also Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 18 (1st Cir. 1996) (finding that irreparable harm exists if the plaintiff suffers a substantial injury that is not accurately measurable or adequately compensable by money damages). The amount of money at issue on Heleen's claim based on the alleged wrongful withholding of federal taxes is readily determinable. Therefore, if Heleen were to prevail his damages are entirely compensable and no irreparable harm exists.

  The balance of the harms does not favor Heleen. He elected not to receive payment from RSCS through direct deposit into his checking account, so RSCS sent Heleen paychecks with pay stubs attached showing his earnings, the taxes withheld and adjustments to his net pay. See Df.'s Ex. D. Beginning in July 2005, however, Heleen began stamping his paychecks "DISCHARGED WITHOUT PREJUDICE UCC1-207" and mailing them back to RSCS. Heleen sent RSCS a letter demanding that RSCS honor his claimed tax exempt

withholding status, but he did not otherwise instruct RSCS as to what he wanted RSCS to do with the checks that he refused to cash. Thus, although RSCS attempted to pay Heleen the money that he was entitled to receive, Heleen refused to accept it.[2] He now seeks immediate payment of the money that he refused to accept plus interest from the time that he sent back RSCS' checks. That is an inequitable result as RSCS would be harmed by requiring it to pay Heleen interest that he has not shown he is entitled to receive, as it is not at fault for Heleen's failure to accept the money when it was tendered.

Finally, the public interest would be adversely affected by granting Plaintiff's request for a preliminary injunction. Granting Plaintiff's motion would encourage employers to disobey efforts to enforce valid federal tax law. The burden is on Heleen, not RSCS, to challenge the IRS' determination of his tax status for purposes of the withholding required by federal law.

In sum, Heleen has not met any of the required elements for

---

[2]The evidence showed that the amount of wages that Heleen rejected and returned to RSCS totals $25,950.31 not $30,078.13 as Heleen claims. After filing this lawsuit, Heleen asserted that in addition to his wages he was also entitled to payment of per diem expenses in the amount of $4,128. As discussed in more detail infra, RSCS offered to pay Heleen $25,951 plus his requested per diem less the applicable taxes in order to settle this lawsuit.

the grant of a preliminary injunction.  I find that his motion for a preliminary injunction is frivolous, and I recommend that it be denied.

Motion to Enforce Settlement

After addressing Plaintiff's motion for a preliminary injunction, the Court considered the evidence on RSCS' pending motion to enforce settlement.  The following facts are undisputed.

The total amount of wages that Heleen refused to accept from RSCS totaled $25,950.31.  On March 23, 2006, RSCS made an offer of judgment to Heleen in the amount of $25,951, which Heleen rejected.  At a preliminary pretrial conference held on April 25, 2006, RSCS provided Heleen a breakdown of the taxes that were withheld from his earnings.  By letter dated April 26, 2006, Heleen indicated that he was also seeking additional money for per diem expenses in the amount of $4,128.

On May 4, 2006, RSCS sent Heleen a letter through counsel that stated, in pertinent part,

> <u>in an effort to settle this matter</u>, [RSCS] is willing to offer you the per diem amount of $4,128 less federal and state taxes in addition to the taxable wages of $25,951 which you had returned to [RSCS].  I would appreciate if you could please advise me within the next week whether this offer is acceptable.

See Exhibit G to Motion to Enforce Settlement (emphasis added). In response to RSCS's letter, Heleen contacted RSCS' counsel on May 8, 2006 to learn the exact amount of the offer. RSCS' counsel informed Heleen that the total settlement offer was $28,525, which represented $25,951 in wages plus $2,574 in per diem expenses. On May 11, 2006 at 10:30 a.m., Heleen left a telephone message for RSCS' counsel in which he stated, in pertinent part:

> This is Jeff Heleen . . . I got your message yesterday and I understand that the amount of the per diem after everything is taken out is $2,574 which added to the $25,951 comes to $28,525. I will accept that amount. When can I expect to see that check, is what I would like to know and also, I would like something to come with the check, a letter just stating this money is from wages withheld from July to December of last year from case number such and such, . . . and that should take care of that particular matter . . . .

Exhibit H to Motion to Enforce Settlement (emphasis added). After RSCS' counsel contacted Heleen to inform him that RSCS would send a release agreement for him to sign in connection with the settlement, Heleen faxed RSCS' counsel a letter dated May 12, 2006 in which Heleen stated that he declined to accept RSCS' offer, and that he was willing to dismiss his complaint only if RSCS paid the amount sought in the complaint of $44,773. Id. RSCS responded stating that Heleen had already accepted the

settlement offer, and that RSCS planned to move to enforce the settlement in federal court. The instant motion followed.

This court has recognized previously that settlement agreements are in the nature of contracts and are binding on the parties. See Lady Ester Lingerie Corp. v. The Wooden Soldier, Ltd., 2003 DNH 124 (D.N.H. July 17, 2003); Clark v. Mitchell, 937 F. Supp. 110 (D.N.H. 1996). The Court finds, based on the evidence at the June 13, 2006 hearing, that all of the elements required for a binding contract are met in this case.

RSCS' May 4, 2006 letter to Heleen constituted an offer to settle this litigation. Heleen's voicemail to RSCS' counsel on May 11, 2006 was an objective manifestation of Heleen's acceptance of the terms of RSCS' settlement offer, and demonstrates that a meeting of the minds existed between the parties. Consideration was exchanged between the parties in that RSCS agreed to pay an amount of money that Heleen stated was acceptable in exchange for Heleen ending this lawsuit.

Heleen asserted during the evidentiary hearing that he did not realize that this case would be terminated until RSCS' counsel informed him that he would need to sign a release agreement. Heleen claimed that he believed that he could

continue to pursue his case against RSCS even after receiving the agreed upon payment.  The Court finds that Heleen's purported belief that he could continue to prosecute this case to obtain additional relief from RSCS after receiving the payment specified in RSCS' May 4, 2006 offer is inconsistent with Heleen's own words that RSCS's settlement offer "should take care of that particular matter," and with common sense.

Based on the evidence presented, the Court finds that a binding agreement existed to settle this litigation, consisting of an offer, an acceptance, a meeting of the minds between the parties on all of the material terms, and an exchange of adequate consideration between the parties.  Therefore, I recommend that the court grant RSCS' motion to enforce the settlement, and that this case be terminated consistent therewith.

## Conclusion

For the reasons set forth above, I recommend that the court deny Plaintiff's Motion For Preliminary Injunction (document no. 11), and that the court grant Defendant's Motion to Enforce Settlement (document no. 12).

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to

file objections within the specified time waives the right to appeal the district court's order.  See <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

                                              _____
                                              James R. Muirhead
                                              United States Magistrate Judge

Date: June 20, 2006

cc:   Jeffrey Heleen, <u>pro</u> <u>se</u>
      Mary Ann Dempsey, Esq.